SO ORDERED.

SIGNED this 30th day of March, 2020.




Robert E. Nugent
United States Bankruptcy Judge

**DESIGNATED FOR ONLINE PUBLICATION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| IN RE: | |
|---|---|
| CHAD ROY CLINKINGBEARD, | Case No. 19-11605<br>Chapter 11 |
| Debtor. | |

**ORDER DENYING HEARTLAND TRI-STATE BANK'S MOTION FOR RELIEF FROM STAY**

Only the owner of personal property or the owner's agent can grant a UCC Article Nine security interest in that property.[1] Members of a limited liability company have no interest in the LLC's property, meaning that a security agreement executed by an LLC member in his personal capacity doesn't grant a security

[1] The Revised Uniform Commercial Code, Art. 9—Secured Transactions, as adopted in Kansas, is codified at KAN. STAT. ANN. § 84-9-101 *et seq.* (2019 Supp.).

interest in specific LLC property. When Heartland Tri State Bank made a loan to Chad Clinkingbeard to be secured by a truck, it applied for a secured title in the name of his solely-owned LLC, ROJO Property Solutions. But Clinkingbeard executed the loan documents as an individual. He didn't own the truck, ROJO did. The Bank cannot be granted relief from the stay to "correct" the truck's title based on the facts in this record.[2]

Facts[3]

Chad Clinkingbeard and ROJO Property Solutions, LLC each filed chapter 11 petitions on August 21, 2019. Clinkingbeard is the sole owner, member and managing member of ROJO.[4] In April of 2018, Clinkingbeard borrowed approximately $25,000 from Heartland Tri-State Bank. He signed a promissory note and a *consumer* security agreement purporting to grant the Bank a security interest in a "2011 Chevrolet 3500 HD 4x4 Diesel Pickup." Clinkingbeard represented in the security agreement that he was the lawful owner of the truck. He signed both documents "Chad Clinkingbeard." Neither signature was executed as a representative of ROJO. Nowhere in the loan documents is ROJO mentioned.

---

[2] Heartland Tri-State Bank appears by its attorney David G. Arst. Debtors appear by their attorney Nicholas R. Grillot.

[3] The parties submitted this contested stay relief motion to the Court on stipulations of fact (with supporting exhibits attached) and briefs. *See* Stipulations, Doc. 81; Heartland Tri-State Bank's Brief, Doc. 84; Debtors' Brief, Doc. 92.

[4] The Court takes judicial notice of corporate resolution of ROJO showing Clinkingbeard as the sole member and managing member of ROJO. *See* No. 19-11606, Doc. 2. Clinkingbeard is the 100% owner of ROJO and signed ROJO's Chapter 11 petition as the authorized representative. Doc. 1, p. 4 and p. 27-28, Question 28.

On or about May 25, 2018, the Bank received a "Lienholder Copy" of the Title and Registration Receipt indicating that a Kansas electronic title covering the truck had been issued reflecting the Bank's lien, but indicating that ROJO, not Clinkingbeard, was the truck's owner. The stipulations do not contain a copy of the Bank's application for secured title. The temporal sequence hints this being a purchase money loan, but the stipulations don't say. Nor do they explain how the truck came to be titled in ROJO's name.

Sometime before the bankruptcy cases were filed, the Bank repossessed the truck and still has it. The Court takes judicial notice of Clinkingbeard's bankruptcy schedules. They don't list this vehicle and the Bank is scheduled as having one of the 20 largest unsecured claims (and also on Schedule E/F) for a "deficiency amount on repossessed 2011 Chevrolet 3500."[5] In answer to question 10 of his statement of financial affairs (SOFA), Clinkingbeard reports that the Bank repossessed the truck.[6] ROJO's schedules and statement of financial affairs are silent concerning the truck and the debt. The Bank seeks stay relief so it can file "the attached Affidavit of Correction" with the Kansas Department of Revenue to correct the "incorrectly issued [title] in the name of ROJO."[7] The affidavit was not attached to the motion.[8] The Bank filed this motion in Clinkingbeard's case and Clinkingbeard objected, arguing that the Bank's security interest never attached because

[5] Doc.1, p. 9, 38.

[6] Doc. 1, p. 55. Question 10 asks "Within 1 year before your filed for bankruptcy, was any of *your* property repossessed…?"

[7] Doc. 54.

[8] *Id.*

Clinkingbeard did not own the vehicle and, even if he did, that the Bank's lien neither attached to the truck nor is it properly perfected because the security agreement signed by Clinkingbeard contains an erroneous VIN (Vehicle Identification Number) for the truck.[9]

Analysis

Clinkingbeard challenges both attachment and perfection of the security interest granted to the Bank. First, because he didn't own the truck, Clinkingbeard lacked any interest in the collateral and couldn't grant a security interest in it. Second, because the truck's VIN is incorrect on the security agreement, it is inadequately described, further defeating attachment. Finally, the erroneous VIN would defeat a lien search of the Kansas Department of Revenue, Division of Vehicle (DOV) records, making the alleged security interest unperfected.

Burdens of Proof

The Bank seeks stay relief "for cause" under § 362(d)(1). Under that subsection, cause is not statutorily defined, but may include the lack of adequate protection of movant's interest in property, or other cause.[10] The moving party bears burden of showing cause exists, after which the burden shifts to debtor to show why the stay should remain in place.[11] Before establishing "cause," the creditor must

---

[9] Doc. 63.

[10] *In re Carbaugh,* 278 B.R. 512, 525 (10th Cir. BAP 2002) (cause under § 362(d)(1) not limited to lack of adequate protection).

[11] *In re Busch,* 294 B.R. 137, 140-41 (10th Cir. BAP 2003). *See also In re Gindi*, 642 F.3d 865, 872 (10th Cir. 2011) (cause to lift stay determined on a case-by-case basis and is discretionary relief), *overruled on other grounds*, *In re TW Telecom Holdings, Inc. v. Carolina Internet, Ltd.,* 661 F.3d 495 (10th Cir. 2011); *In re Pederson*, 563 B.R. 327, 334-35 (Bankr. D. Mont. 2017); § 362(g).

first meet the "low threshold" of establishing a colorable claim of a lien on estate property.[12] Here the Bank needed to at least show it possessed an interest in property of Clinkingbeard's estate. It met that burden by showing Clinkingbeard's execution of a security agreement conveying an interest in the truck, combined with his statements in the statement of financial affairs, thereby shifting the burden to resist the relief to the debtor. Clinkingbeard's defense is that he didn't own the truck and therefore he had no interest in the collateral in which to grant a security interest.

Attachment of Security Interest, KAN. STAT. ANN. § 84-9-203

A security interest in personal property attaches and becomes enforceable against the debtor when three things occur.[13] The secured party must "give value;" the debtor must either have rights in the collateral or have the power to transfer rights in it; and the debtor must "authenticate" the security agreement—sign it.[14] Though Clinkingbeard's schedules and SOFA suggest he believed he owned the truck, nothing in the stipulations explains how it came to be titled in his company's name rather than his own. For example, the stipulations don't include a copy of the Bank's application for secured title, that would have been filed with the DOV to have its lien noted on the truck title. And, except for the court docket, the stipulations are the only record the Court has. The parties stipulate that the truck

---

[12] *See In re Castro,* 503 F. App'x. 612, 615 (10th Cir. 2012); *In re Old Cold, LLC,* 602 B.R. 798, 825-26 (1st Cir. BAP 2019); *In re Edwards,* 454 B.R. 100, 105 (9th Cir. BAP 2011); *Grella v. Salem Five Cent Savings Bank,* 42 F.3d 26, 33-34 (1st Cir. 1994).
[13] KAN. STAT. ANN. § 84-9-203(a) (2019 Supp.).
[14] KAN. STAT. ANN. § 84-9-203(b) (2019 Supp.).

was titled in ROJO's name and attach as support a "Title and Registration Receipt—Lienholder Copy" naming ROJO as the truck's owner of record, suggesting that, absent an error at the DOV, either Clinkingbeard or the Bank named ROJO on the application.[15] So, while the record reflects that the Bank gave value, it doesn't appear that Clinkingbeard, the "debtor" on both the promissory note and security agreement, had rights in the truck. To correct the title, the Bank would need to submit an "Affidavit of Correction" that would be signed by the vehicle's seller and purchaser under penalty of perjury acknowledging that the wrong purchaser had been named.[16] Filing that affidavit would constitute an act to exercise control of the truck which is nominally (according to the vehicle title) ROJO's property and is stayed.[17]

The Bank suggests that because Clinkingbeard is the single member of ROJO, his signature on the security agreement binds ROJO. But Clinkingbeard didn't execute the *consumer* security agreement in a representative capacity. Kansas company law provides that individual members of LLCs manage them, but members don't have interests in specific LLC property.[18] While the original version

---

[15] *See* Doc. 81, p. 2 ¶4 and p. 6.
[16] See Affidavit of Correction form, Rev. 12/17, **https://www.ksrevenue.org/pdf/DMVAffidavitCorrection.pdf**, last viewed March 19, 2020.
[17] § 362(a)(3).
[18] KAN. STAT. ANN. § 17-76,111 (2007); *In re Tax Exemption of Kouri Place, L.L.C.,* 44 Kan. App. 2d 467, 470, 239 P.3d 96 (2010) (member holding a 99.9% interest in LLC did not own the LLC's property); *In re Brooke Corp.,* No. 08-22786, 2012 WL 3066706, at *5 (Bankr. D. Kan. July 26, 2012) (noting that under Kansas law, a membership interest is distinct from the limited liability company). *See also* § 17-7693 (2019 Supp.) (management of an LLC is vested in its members unless otherwise provided by the operating agreement).

of the Kansas company law stated that members in a member-managed company each had "the authority to bind" the company, that language was stricken in later amendments.[19] In short, a single LLC member cannot act to bind the company without indicating he or she is acting in a representative capacity.

Clinkingbeard had not yet acquired rights in the collateral and ROJO did not authenticate the security agreement. On the petition date, ROJO was the record owner of the truck. This renders Clinkingbeard's security agreement unenforceable.[20] Because the Bank's security interest failed to attach, there is no need to consider whether the lien was properly perfected. Absent attachment of the security interest, the Bank had no lien in the truck and lacked a colorable claim for relief from the automatic stay. The Bank's motion is denied.

# # #

---

[19] Compare former KAN. STAT. ANN. § 17-7693(a) (2007), amended in 2014, to KAN. STAT. ANN. § 17-7693 (2019 Supp.). *See also* 2014 Kan. Sess. Laws, ch. 40, § 26.

[20] KAN. STAT. ANN. § 84-9-203(b). In addition, the security agreement signed by Clinkingbeard did not accurately describe the truck, as it contained an incorrect VIN. That defect may preclude attachment of the security interest as well. *See* KAN. STAT. ANN. § 84-9-108(a) requiring collateral in a security agreement to be reasonably identified and Official UCC Comment 2 (stating that the test of sufficiency of the description is whether it "[m]ake[s] possible the identification of the collateral described.").